IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERYLYNN STRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>RYAN D. MCCARTHY, Secretary of the United States Army; and DOES 1-10, Inclusive,<br><br>    Defendants. | CIVIL NO. 20-00132 LEK-KJM<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT |

MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................... i

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND .......................................................................................... 2

     A.   Allegations in the Amended Complaint ........................................... 2

     B.   TAMC's Policy Regarding ASL Services ........................................ 2

III.  STANDARD OF REVIEW .......................................................................... 3

IV.   ARGUMENT ................................................................................................ 5

     A.   Plaintiff Lacks Standing as to Her Claims for Injunctive and
         Declaratory Relief. ............................................................................ 5

     B.   Plaintiff's ACA claim is barred by sovereign immunity. ................ 10

V.    CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Argentine Republic v. Amerada Hess Shipping Corp.*,
 488 U.S. 428 (1989) ...............................................................................10

*Atkins v. St. Helena Hosp.*,
 843 F. Supp. 1329 (N.D. Cal. 1994) ..............................................................7, 8

*Benavides v. Laredo Med. Ctr.*,
 No. CIV.A. L-08-105, 2009 WL 1755004 (S.D. Tex. June 18, 2009) ..............6, 7

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983) ................................................................................. 6

*F.D.I.C. v. Meyer*,
 510 U.S. 471 (1994) ............................................................................... 5

*Freydel v. New York Hosp.*,
 No. 97 CIV. 7926, 2000 WL 10264 (S.D.N.Y. Jan. 4, 2000) ..........................8, 9

*Gilbert v. DaGrossa*,
 756 F.2d 1455 (9th Cir. 1985) ............................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
 511 U.S. 375 (1994) ................................................................................ 3

*Lane v. Pena*,
 518 U.S. 187 (1996) ................................................................................ 1

*Leite v. Crane Co.*,
 749 F.3d 1117 (9th Cir. 2014) ............................................................... 4

*Lewis v. Ives*,
 No. 3:18-CV-00184-MK, 2020 WL 2761024 (D. Or. Feb. 12, 2020) ................11

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................... 6

*McCarthy v. United States*,
    850 F.2d 558 (9th Cir. 1998) ...................................................................... 4

*Naiman v. New York Univ.*,
    No. 95 CIV. 6469 (LMM), 1997 WL 249970 (S.D.N.Y. May 13, 1997) ............ 8

*O'Shea v. Littleton,*
    414 U.S. 488 (1974) ................................................................................... 6

*Roberts v. United States*,
    498 F.2d 520 (9th Cir. 1974) .....................................................................10

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ................................................................3, 4

*Schroedel v. New York Univ. Med. Ctr.,*
    885 F. Supp. 594 (S.D.N.Y. 1995) ................................................................ 8

*Thompson v. McCombe*,
    99 F.3d 352 (9th Cir. 1996) ........................................................................ 5

*United States v. King*,
    395 U.S. 1 (1969) .....................................................................................10

*United States v. Mitchell*,
    445 U.S. 535 (1980) .............................................................................5, 10

*United States v. Nordic Vill. Inc.*,
    503 U.S. 30 (1992) ...............................................................................5, 10

*Updike v. Multnomah Cty.*,
    870 F.3d 939 (9th Cir. 2017) ..................................................................8, 9

*Vacek v. U.S. Postal Serv.*,
    447 F.3d 1248 (9th Cir. 2006) .................................................................... 5

## **STATUTES**

28 U.S.C. § 794 ............................................................................................... 1

42 U.S.C. § 18116............................................................................................ 1

## I.  INTRODUCTION

Plaintiff Sherylynn Strong ("Plaintiff"), a hearing-impaired Navy spouse and former patient at Tripler Army Medical Center ("TAMC") brings suit against Defendant Ryan D. McCarthy, Secretary of the Army (the "Secretary" or the "United States") for violations of Section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794, *et seq.*, and Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.  (ECF No. 18.)   Plaintiff alleges that she was not provided an American Sign Language ("ASL") interpreter during several visits to TAMC for herself and/or her children.   Plaintiff seeks injunctive and declaratory relief.[1]

The Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.   Plaintiff's claims for injunctive and declaratory relief fail on standing grounds, as the prospect of future harm is speculative, as Plaintiff has moved to Virginia, and is no longer a patient at TAMC, and TAMC has updated its policy regarding sign language interpretation services.   Further, Plaintiff's claim under Section 1557 of the ACA is barred by sovereign immunity.   Based on the

---

[1] Although Plaintiff's initial Complaint included a claim for compensatory damages, and Paragraphs 54 and 57 of the Amended Complaint refer to compensatory damages, Plaintiff's counsel agreed during the meet-and-confer that a claim for compensatory damages is not alleged in the Amended Complaint.   It is well-settled that the United States has not waived its sovereign immunity for claims for compensatory damages under Section 504.   *See Lane v. Pena*, 518 U.S. 187 (1996).

above, the Court lacks subject matter jurisdiction, and the Amended Complaint should be dismissed.

## II.     BACKGROUND

### A.     Allegations in the Amended Complaint

Plaintiff alleges that she is a deaf individual and a Navy spouse with children, who sought medical treatment at TAMC for herself and her children while her husband was stationed in Hawaii.  Am. Compl. (ECF No. 18), ¶¶ 1, 21. Plaintiff alleges that on "over 10" occasions she was not provided an ASL interpreter, despite her requests.[2]  *Id.*  In July 2020, Plaintiff relocated from Hawaii when her husband was transferred to Virginia.  *Id.* ¶ 21.  Although she has left Hawaii, Plaintiff alleges that she "maintains a residence in Hawaii and her stepson lives in Hawaii," and she "intends to return to Hawaii several times per year . . . with the goal of returning permanently in the future."  *Id.*  She alleges that, when she returns to Hawaii, she plans to receive medical care at TAMC.  *Id.* ¶ 27.  Plaintiff seeks declaratory and injunctive relief.

### B.     TAMC's Policy Regarding ASL Services

The TAMC policies regarding sign language interpreter services in effect at the time of Plaintiff's visits to TAMC provided for face-to-face translation

---

[2] The Secretary disputes many of the allegations in the Amended Complaint, such as the allegation that ASL services were never provided to Plaintiff.  However, for the purposes of this Motion, those allegations are presumed to be true.

2

services. *See* Declaration of Major Michael S. Siegert ("Siegert Decl."), Ex. A, Memorandum of Instruction #22, Foreign, Sign and Written Language Interpreter Services, ¶ 3.a(2); Siegert Decl., Ex. B, Memorandum of Instruction ("MOI) – Foreign Language Interpreting Services, ¶ 3.a. For requests made less than three working days in advance, in-person services were not guaranteed. Ex. A at ¶ 3.a(2); Ex. B. at ¶ 4.

In November 2020, TAMC updated its policy regarding the provision of interpreter services. *See* Siegert Decl., Ex. C, Memorandum of Instruction – Translation Services of Foreign Languages and ASL. In relevant part, the policy includes the provision of video ASL translation services, which can be coordinated within minutes of the request. *Id.* at ¶ 6.c.

### III. STANDARD OF REVIEW

Where subject matter jurisdiction is lacking, dismissal pursuant to Rule 12(b)(1) is proper. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Federal courts have limited jurisdiction, so it is "presumed that a cause lies outside the limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

A challenge to a court's subject matter jurisdiction may be facial or factual. In a facial attack, such as the one herein, the challenger asserts that the allegations

contained in a complaint are insufficient on their face to invoked federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. In evaluating a facial attack, the Court must accept the factual allegations in plaintiff's complaint as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack, the challenger "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. ("When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." (internal citation omitted); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). In reviewing evidence outside the pleadings, a court need not convert a motion to dismiss into a motion for summary judgment, unless the "jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotations omitted).

    Additionally, federal courts have no subject matter jurisdiction to hear a claim against the United States or its agencies, absent a clear waiver of sovereign

immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed" in the text of a statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Further, a waiver of sovereign immunity "must be 'construed strictly in favor of the sovereign,' and not 'enlarge[d] . . . beyond what the language requires.'" *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992) (citation and quotation omitted). Federal officials, acting in their official capacities, are entitled to the same sovereign immunity as the United States itself. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiff has the burden of establishing a waiver of sovereign immunity with respect to his claims. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

## IV. ARGUMENT

### A. Plaintiff Lacks Standing as to Her Claims for Injunctive and Declaratory Relief.

Plaintiff requests equitable relief in the form of injunctive and declaratory relief for violations of Section 504 and Section 1557. This claim for relief must

be dismissed as plaintiff lacks standing to sue for either type of relief, as she cannot show a real and immediate threat of future harm.

To satisfy Article III standing, Plaintiff must demonstrate that: (1) she suffered an injury-in-fact; (2) that the injury is traceable to the Secretary's actions; and (3) the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In addition, to pursue injunctive or declaratory relief, Plaintiff must demonstrate a "real and immediate" threat of repeated future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 107-08 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974).

Courts have considered several factors in determining whether a disabled plaintiff has alleged or established a "real and immediate threat" of future injury by a hospital, including: whether the plaintiff resides within close proximity to the defendant's hospital; the number of prior visits alleged by the plaintiff; whether the plaintiff has a medical condition that will likely require[ ]attention in the future; and whether the defendant hospital has changed its policy so as to accommodate the plaintiff in the future." *Benavides v. Laredo Med. Ctr.*, No. CIV.A. L-08-105, 2009 WL 1755004, at *4 (S.D. Tex. June 18, 2009) (summarizing cases from various districts).

6

In *Atkins v. St. Helena Hosp.*, 843 F. Supp. 1329 (N.D. Cal. 1994), for example, the court held that the plaintiff did not have standing to seek injunctive relief where she alleged only that she is a deaf individual who owned a mobile home seven miles from the hospital and that she stayed there for several days each year. Specifically, the "allegations d[id] not establish the 'real and immediate threat' of future harm" required, that she is likely to use the hospital in the near future, []or that defendants are likely to discriminate against her when she does use the hospital." *Atkins*, 843 F. Supp. at 1333-34.

In contrast, in *Benavides* the court held that a plaintiff sufficiently alleged facts sufficient to show a real and immediate threat of future injury where the plaintiff alleged that the defendant hospital was the closest to his residence, that he suffers from various medical conditions that will require him to seek medical attention at the hospital in the future, and that the hospital will likely fail to provide him with interpretation services in the future. *Benavides*, 2009 WL 1755004, at *4.

Here, Plaintiff has moved far from TAMC – over 2,500 miles away – to Virginia, where there is a Naval medical facility. Although Plaintiff alleges that she plans to visit Hawaii several times a year, there are no factual allegations supporting a likelihood that she will require treatment at TAMC during her visits. And, to the extent Plaintiff alleges that "she intends to return to Hawaii" and that it

7

is her "goal" to live there permanently at some undefined point in the future, *see* Am. Compl. ¶ 21, such allegations fall short of showing a "real and immediate" threat of future harm by TAMC. *See Atkins*, 843 F. Supp. at 1333-34; *see also Schroedel v. New York Univ. Med. Ctr.,* 885 F. Supp. 594, 599 (S.D.N.Y. 1995) (dismissing claim for injunctive relief as defendant hospital was "not the nearest medical center to either [the plaintiff's] residence or place of employment," the plaintiff had not alleged that "she regularly utilizes the services of the Hospital for any specific medical condition," and, on two prior occasions before the events giving rise to the cause of action, the plaintiff had visited a different hospital); *Freydel v. New York Hosp.,* No. 97 CIV. 7926, 2000 WL 10264, *3 (S.D.N.Y. Jan. 4, 2000) (dismissing claim for injunctive relief as numerous closer hospitals); *Naiman v. New York Univ.*, No. 95 CIV. 6469 (LMM), 1997 WL 249970, at *5 (S.D.N.Y. May 13, 1997) (deaf patient failed to show real and immediate threat of future injury where complaint failed to allege the necessity of receiving services from the defendant hospital in the future); *cf. Updike v. Multnomah Cty.*, 870 F.3d 939, 947 (9th Cir. 2017) (plaintiff denied ASL interpreter at pretrial detention hearing lacks standing to bring claim for injunctive relief because not likely that he will again be a pretrial detainee). In short, it is merely speculative that Plaintiff will ultimately return to Hawaii—let alone need to receive medical care there.

Further, even if Plaintiff had concrete plans to return to TAMC (she does not), it is unlikely that she would suffer any injury there. TAMC has recently amended its policy regarding the provision of ASL interpretation services. In relevant part, TAMC now provides for video translation technology for last minute interpretation requests. Siegert Decl., Ex. C at ¶ 6.c. This change in policy makes it unlikely that the allegedly wrongful conduct will recur should Plaintiff eventually receive care at TAMC in the future. *Updike*, 870 F.3d at 947 (plaintiff failed to show a "real or immediate threat that he would be wronged again" by the state failing to provide an ASL interpreter at future court appearances, as the court had changed the procedure by which they determine whether an ASL interpreter is needed for a court hearing); *see also Freydel*, 2000 WL 10264, at *3 (dismissing injunctive relief claim as hospital "ha[d] amended its policy of providing translation services in ways which [made] a recurrence of [the] alleged violation of her rights even more unlikely."). Thus, even if the Plaintiff were to return to TAMC, its new policy makes it unlikely that she would experience the same treatment.

Based on the above, Plaintiff lacks standing to pursue her claims for injunctive and declaratory relief for violations of Section 504 of the Rehabilitation Act and Section 1557 of the ACA, and her claims should be dismissed.

9

B.     **Plaintiff's ACA claim is barred by sovereign immunity.**

"It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974). A federal district court only has subject-matter jurisdiction over a suit against the federal government when sovereign immunity has been waived. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 435 (1989). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Further, a waiver of sovereign immunity "must be 'construed strictly in favor of the sovereign,' and not 'enlarge[d] . . . beyond what the language requires.'" *Nordic Vill. Inc.*, 503 U.S. at 34 (citation and quotation omitted).

It is true that Section 1557 of the ACA references federal civil rights statutes to identify the rights protected by its non-discrimination provision and adopts "[t]he enforcement mechanisms provided for and available under" various civil rights statutes, including Section 504. Several courts have relied upon the above language as a reflection of Congressional intent to create a private right of action to enforce the ACA's anti-discrimination. However, even if the ACA provides for a private right of action, it does not necessarily follow that suit is proper against the United States or its agencies. To bring such suit, an express waiver of sovereign

10

immunity is required. Here, no such waiver exists. *See Lewis v. Ives*, No. 3:18-CV-00184-MK, 2020 WL 2761024, at *10 (D. Or. Feb. 12, 2020), *report and recommendation adopted*, No. 3:18-CV-00184-MK, 2020 WL 2747397 (D. Or. May 27, 2020), *appeal dismissed*, No. 20-35620, 2020 WL 6038332 (9th Cir. July 23, 2020) (no waiver of sovereign immunity to allow an ACA action against the United States).

## V.  CONCLUSION

For all the foregoing reasons, Plaintiff's claims should be dismissed.

Dated: November 16, 2020, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii

         /s/ Sydney Spector
        By_____
          SYDNEY SPECTOR
          Assistant U.S. Attorney

        Attorneys for Defendant
        RYAN MCCARTHY,
        SECRETARY OF THE ARMY