UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SHERYLYNN STRONG,<br><br>                 Plaintiff,<br><br>   vs.<br><br>RYAN D. MCCARTHY, Secretary of<br>the United States Army,<br><br>              Defendant. | CIV. NO. 20-00132 LEK-KJM |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 18)**

On November 16, 2020, Defendant Ryan D. McCarthy, Secretary of the United States Army ("Defendant"), filed his Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18) ("Motion"). [Dkt. no. 19.] Plaintiff Sherylynn Strong ("Plaintiff") filed her memorandum in opposition on December 31, 2020, and Defendant filed his reply on January 8, 2021. [Dkt. nos. 28, 30.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. On January 26, 2021, an entering order was issued informing the parties of the Court's ruling on the Motion. [Dkt. no. 31.] The instant Order supersedes that entering order. Defendant's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

Plaintiff is deaf, and American Sign Language ("ASL")
is "her expressed, preferred, and most effective means of
communication." [First Amended Complaint, filed 10/13/20 (dkt.
no. 18), at ¶ 1.] Plaintiff uses ASL to communicate with her
young children. [Id. at ¶ 9.] Because Plaintiff's husband is a
member of the United States Navy ("Navy"), their family received
medical treatment at Tripler Army Medical Center in Honolulu,
Hawai`i ("Tripler") until July 2020.[1] [Id. at ¶¶ 9, 21.]
"Plaintiff has treated at Tripler numerous times over the past
several years for emergency and nonemergency purposes." [Id. at
¶ 21.]

Plaintiff alleges the United States Army's ("Army")
facilities are places of public accommodation. She also
alleges, on information and belief, that the Army's facilities
receive financial assistance from the federal government.
Plaintiff therefore asserts the Army's facilities must comply
with the requirements of Section 504 of the Rehabilitation Act
of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, and
Section 1557 of the Affordable Care Act ("ACA"). [First Amended

---

[1] Plaintiff alleges Tripler is "is a hospital owned,
operated, and managed by the U.S. Army Medical Department," and
it "provides all levels of medical services for military
personnel including their family . . . ." [First Amended
Complaint at ¶ 12.]

Complaint at ¶ 13.]  Plaintiff argues she is within the class of persons protected under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2), as well as under the ADA's implementing regulations, the Rehabilitation Act, and the ACA. [First Amended Complaint at ¶ 10.]

According to Plaintiff, military medical care is provided on a centralized basis, including at Tripler.  Thus, her medical file reflects that she always needs an ASL interpreter for her appointments.  In spite of that fact, Tripler has failed to provide her with an interpreter during emergency treatments or nonemergency appointments during the past two years.  [Id. at ¶¶ 22-23.]  There were more than ten appointments when Plaintiff was denied an ASL interpreter at Tripler.  [Id. at ¶ 1.]  Examples of such instances included: Plaintiff's medical testing on August 14 and September 4, 2019; Plaintiff's November 5, 2019 appointment with an ear, nose, and throat specialist; and a November 6, 2019 visit to the emergency room when Plaintiff's two-year-old daughter had a 104-degree fever.  [Id. at ¶¶ 23a-d.]  Tripler doctors, nurses, and other staff would attempt to communicate with Plaintiff by writing notes, but Plaintiff argues this "did not allow her to understand or effectively participate in her medical care." [Id. at ¶ 24.]  According to Plaintiff, "[i]n most instances, effective communication could not have taken place without the

aid of a qualified ASL interpreter." [Id. at ¶ 25.] Tripler failed to provide an ASL interpreter for any of Plaintiff's scheduled appointments, and it never had one available during any of the emergency visits Plaintiff made. [Id. at ¶ 30.]

Plaintiff asserts the Army has an agency-wide policy regarding the availability of ASL interpreters at emergency and non-emergency treatment centers. Id. at ¶ 28; see also id. at ¶ 29 & n.1 (quoting Department of Defense Patient Bill of Rights, https://www.health.mil/Military-Health-Topics/Access-Cost-Quality-and-Safety/Access-to-Healthcare?type=Policies#RefFeed (last accessed November 20, 2019)). Thus, Plaintiff alleges Tripler has violated its own policies. [First Amended Complaint at ¶ 30.]

Because Tripler failed to provide Plaintiff with an effective method of communication by denying her "auxiliary aid and services, she received services that were objective[ly] substandard, inaccessible, and inferior to those provided to those patients who are hearing and was subjected to discriminatory treatment because of her disability." [Id. at ¶ 26.] Plaintiff argues Tripler has violated the Rehabilitation Act and the ACA by: denying her "the benefit of full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations"; denying her the ability to fully participate in the same; and subjecting her to

unequal treatment.  [Id. at ¶ 31.]  Plaintiff argues that, if

Defendant remediates the barriers to accessibility at issue in

this case, "Plaintiff could independently and privately utilize

[Tripler]'s health care services, and meaningfully participate

in her health care treatment."  [Id. at ¶ 32.]

        The discrimination Plaintiff has experienced at

Tripler deters her from returning there.  However, because of

her husband's Navy career and the medical coverage the Navy

provides for their family, she will be forced to seek healthcare

services at Tripler in the future.  [Id. at ¶ 27.]  In addition,

"Plaintiff intends to return to [Tripler] to ascertain whether

those facilities remain in violation of accessibility

standards."  [Id.]

        In July 2020, while this action was pending,[2] Plaintiff

moved to Virginia because her husband was reassigned.  Plaintiff

still maintains a residence in Hawai`i, has a stepson who lives

in Hawai`i, and intends to move back to Hawai`i permanently at

some point.  Plaintiff therefore intends to come to Hawai`i

several times a year during the period while she lives

elsewhere.  Plaintiff and her family will continue to utilize

Tripler for medical care when they visit, and they intend to

utilize it when they move back to Hawai`i.  [Id. at ¶ 21.]

---

        [2] Plaintiff filed her original Complaint on March 25, 2020.
[Dkt. no. 1.]

The First Amended Complaint alleges a claim for violation of the Rehabilitation Act ("Count I") and a claim for violation of the ACA ("Count II").  Plaintiff seeks: a declaratory judgment; injunctive relief; reasonable attorney's fees and costs, with interest; and any other appropriate relief.  Plaintiff also asks that this Court retain jurisdiction over the case until Defendant has complied with all orders in the case.

On December 29, 2020, while the Motion was pending, this Court approved the parties' stipulation to dismiss Count II.  [Dkt. no. 27.]  Thus, the only issues remaining in the Motion are whether Count I should be dismissed because: 1) Plaintiff lacks standing to pursue injunctive and declaratory relief because she has moved to Virginia and is no longer a Tripler patient; or 2) Plaintiff's claim is moot because Tripler recently changed its policy regarding the provision of ASL interpreters.  See Motion, Decl. of Major Michael S. Siegert ("Siegert Decl."), Exh. C (Army Headquarters, Tripler, Memorandum of Instruction (MOI) – Translation Services of Foreign Languages and ASL, dated 11/9/20).[3]

## DISCUSSION

This Court has stated:

> [Fed. R. Civ. P.] 12(b)(1) authorizes a
> district court to dismiss an action for "lack of

---

[3] Major Siegert is currently Tripler's Chief of Clinical Operations.  [Siegert Decl. at ¶ 1.]

subject-matter jurisdiction[.]"  "Once
challenged, the party asserting subject matter
jurisdiction has the burden of proving its
existence." Robinson v. United States, 586 F.3d
683, 685 (9th Cir. 2009) (citation and quotation
marks omitted).  This district court has stated:

> A Rule 12(b)(1) motion may be either facial
> (attacking the sufficiency of the
> complaint's allegations to invoke federal
> jurisdiction) or factual (disputing the
> truth of the allegations of the complaint).
> Safe Air for Everyone [v. Meyer], 373 F.3d
> [1035,] 1039 [(9th Cir. 2004)].
>
>     In . . . a factual attack "[w]here the
> jurisdictional issue is separable from the
> merits of the case, the judge may consider
> the evidence presented with respect to the
> jurisdictional issue and rule on that issue,
> resolving factual disputes if necessary."
> Thornhill Publ'g Co., Inc. v. Gen. Tel. &
> Elecs. Corp., 594 F.2d 730, 733 (9th Cir.
> 1979).  In such case, "no presumptive
> truthfulness attaches to plaintiff's
> allegations, and the existence of disputed
> material facts will not preclude the trial
> court from evaluating for itself" the
> existence of subject matter jurisdiction.
> Id.
>
>     Further, where "the jurisdictional
> issue and substantive issues are so
> intertwined that the question of
> jurisdiction is dependent on the resolution
> of factual issues going to the merits, the
> jurisdictional determination should await a
> determination of the relevant facts on
> either a motion going to the merits or at
> trial." Augustine v. United States, 704
> F.2d 1074, 1077 (9th Cir. 1983).  That is,
> if "the jurisdictional issue and substantive
> claims are so intertwined that resolution of
> the jurisdictional question is dependent on
> factual issues going to the merits, the
> district court should employ the standard
> applicable to a motion for summary

judgment." <u>Autery v. United States</u>, 424
F.3d 944, 956 (9th Cir. 2005) (quoting
<u>Rosales v. United States</u>, 824 F.2d 799, 803
(9th Cir. 1987)). "The Court 'must
therefore determine, viewing the evidence in
the light most favorable to the nonmoving
party, whether there are any genuine issues
of material fact.'" <u>Id.</u> (quoting <u>Suzuki
Motor Corp. v. Consumers Union of U.S.,
Inc.</u>, 330 F.3d 1110, 1131 (9th Cir. 2003)
(en banc)); <u>see also Roberts v. Corrothers</u>,
812 F.2d 1173, 1777 (9th Cir. 1987) ("In
such a case, the district court assumes the
truth of allegations in a complaint . . .
unless controverted by undisputed facts in
the record.").

<u>Bishop v. United States</u>, Civ. No. 16-00248 JMS-
KSC, 2017 WL 1381653, at *7 (D. Hawai`i Apr. 13,
2017) (some alterations in <u>Bishop</u>). . . .

<u>Aupuni O Hawai`i v. Trump</u>, CIV. NO. 19-00597 LEK-RT, 2020 WL
2832220, at *3 (D. Hawai`i May 29, 2020) (some alterations in
<u>Aupuni</u>).

        In order to have standing to pursue injunctive relief

under the Rehabilitation Act, the plaintiff "must demonstrate a

real and immediate threat of repeated injury in the future."

<u>Cf. Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 946

(9th Cir. 2011) (en banc) (regarding standing to pursue

injunctive relief under the ADA) (citation and internal

quotation marks omitted). Further, Article III of the United

States Constitution "requires that a live controversy persist

throughout all stages of the litigation." <u>Gator.com Corp. v.

L.L. Bean, Inc.</u>, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (citing

<u>Steffel v. Thompson</u>, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)).  The issue of whether Plaintiff's move to Virginia removes the threat that she will suffer repeated injury at Tripler in the future and the issue of whether the changes to Tripler's ASL interpreter policies are so intertwined with the substantive issues in this case that the jurisdictional issues are more appropriately addressed either in a motion addressing the merits of the case or during trial.  <u>See</u> <u>Augustine</u>, 704 F.2d at 1077.  Defendant's arguments that the case should be dismissed either because Plaintiff lacks standing or because the case has become moot must be rejected, and the Motion must be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18), filed November 16, 2020, is HEREBY DENIED.  Defendant is ORDERED to file his answer to the First Amended Complaint, [filed 10/13/20 (dkt. no. 18),] by **March 26, 2021**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 24, 2021.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States District Judge

SHERYLYNN STRONG VS. RYAN D. MCCARTHY, CIVIL NO. 20-00132 LEK-KJM; ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 18)